IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOPKINS HOSPITALITY INVESTORS, LLC, *et al.*, | * | |
| *Appellants*, | * | |
| v. | * | Civil Action No. RDB-23-2768 |
| | | Bankruptcy Case No. 20-0185 |
| ZVI GUTTMAN, | * | |
| *Appellee*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

In this appeal, Appellants Hopkins Hospitality Investors, LLC ("HHI"), and Mukesh Majmudar ask that this Court reverse the United States Bankruptcy Court for the District of Maryland's grant of summary judgment in favor of Appellee Zvi Guttman, the Chapter 7 trustee of Star Development Group, LLC, the debtor. Majmudar is a principal and owner of both HHI, which owned property in Laurel, Maryland, on which it planned to build a hotel, and Star, a development company. HHI retained Star to manage the development of the hotel. During construction of the hotel, disputes arose between Star and its contractor, Constructure Management, Inc., who placed a mechanic's lien on the property. To clear the title of the mechanic's lien, HHI bonded off the lien with a bond from the Hanover Insurance Company, which received an irrevocable letter of credit from PeoplesBank as collateral. To secure the letter of credit, Star opened an account with PeoplesBank that HHI and Majmudar funded.

Star later filed a Chapter 7 bankruptcy petition. It identified the PeoplesBank account as its own property, and the interest on the account as its own income. It also denied holding

1

property for another. Star's Chapter 7 trustee, Svi Guttman, then filed an adversary proceeding in the bankruptcy court against PeoplesBank seeking to avoid Star's pledge of its account as collateral. HHI and Majmudar thereafter filed this action against Star through Guttman. Around the same time, Star amended its statement of financial affairs to indicate that it was holding funds on behalf of HHI and Majmudar and that HHI and Majmudar held unsecured claims against Star.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which extends jurisdiction to the United States District Courts to hear appeals from the final judgments, orders, and decrees of the United States Bankruptcy Courts. Because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument, a hearing is unnecessary. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, the September 29, 2023, Order of United States Bankruptcy Judge Nancy V. Alquist is AFFIRMED.

## BACKGROUND

Appellant Mukesh Majmudar is the managing member of both Hopkins Hospitality Investors, LLC ("HHI"), and Star Development Group. (ECF No. 23 at 2.) Star is the debtor in this case. (*Id.*) Majmudar and HHI are co-plaintiffs and co-appellants. (*Id.*) In 2013, HHI hired Star to develop property HHI owned in Laurel, Maryland, into a hotel.[1] (*Id.*) Star hired Constructure Management, Inc., to handle the construction of the hotel. (*Id.*) A dispute arose

---

[1] HHI co-owned the property with Hopkins Investors, LLC, another company controlled by Majmudar. (ECF No. 23 at 2.) For the purposes of this Memorandum Opinion, the companies will be jointly referred to as HHI.

2

after Constructure was not paid for its work. (*Id.* at 3.) In 2016, Constructure impressed a mechanics lien against the hotel and sued HHI in the Circuit Court for Howard County, Maryland.[2] (*Id.*) The court entered a consent order that permitted HHI to file a bond that released the property from Constructure's lien. (*Id.* at 4.) HHI obtained the bond from The Hanover Insurance Company in exchange for an irrevocable letter of credit in the amount of $1,000,000 as collateral. (*Id.*) Star opened a bank account ("the Account") at PeoplesBank, a Codorus Valley Company ("the Bank"), and HHI and Majmudar collectively deposited $1,000,000 ("the Funds") into the Account. (*Id.* at 5.) Star assigned the Account to PeoplesBank as collateral for a letter of credit. (*Id.*) PeoplesBank then issued the $1,000,000 letter of credit to Hanover as collateral for the bond. (*Id.* at 6.)

Three years later, in 2019, Star filed for Chapter 7 bankruptcy. (*Id.* at 6.) In its initial and first amended statements of financial affairs, signed under penalty of perjury by Mr. Majmudar, Star identified the Account and its interest income as its own property and income. (*Id.* at 6–7.) Star denied holding property on behalf of another. (*Id.*) Then, at the meeting of creditors, Mr. Majmudar testified under oath that the Account was Star's property, that the interest earned on it was Star's income, and that Star was not holding or controlling any property for another. (*Id.* at 7.) PeoplesBank filed its proof of claim in the amount of $1,003,047.73. (*Id.* at 8.)

In 2020, Star's Chapter 7 trustee Zvi Guttman filed an adversary proceeding against PeoplesBank seeking to avoid assignment of the Account, thereby allowing the Funds to be

---

[2] At this time, HHI was attempting to refinance a loan through the Small Business Administration ("SBA"). (ECF No. 23 at 4.) The lien clouded the title to the hotel and property, preventing HHI from refinancing with the SBA. (*Id.*)

3

available to creditors. (ECF No. 1-3 at 5.) HHI and Majmudar then filed the instant adversary proceeding against Guttman as Star's trustee. (ECF No. 23 at 8.) HHI filed a proof of claim in Star's bankruptcy case characterizing Star's obligations to HHI as an "indemnity agreement," and Mr. Majmudar filed a proof of claim characterizing Star's obligations to Mr. Majmudar as an unsecured claim due to "money lent." (*Id.*) Star also filed another amended statement of financial affairs to indicate that it was holding the Funds in the Account on behalf of HHI and Majmudar and that they held unsecured claims against Star. (ECF No. 1-3 at 5–6.) On September 29, 2023, the bankruptcy court granted summary judgment in favor of Guttman and entered judgment against HHI and Majmudar. (ECF No. 1-3.) The bankruptcy court found that HHI and Majmudar "failed to establish (1) the first and second elements of the earmarking doctrine; (2) that the Funds were being held in the Account in trust for PeoplesBank; or (3) that Star held the power to assign the Account exclusively for the benefit of HHI under [11 U.S.C.] § 541(b)(1)." (*Id.* at 18.) Accordingly, the bankruptcy court found that Guttman was entitled to summary judgment as a matter of law. (*Id.*) HHI and Majmudar filed a timely notice of appeal on October 12, 2023. (ECF No. 1.)

## STANDARD OF REVIEW

This Court reviews the bankruptcy court's grant of summary judgment *de novo*, applying the standards under Federal Rule of Civil Procedure 56. *In re Schek*, 397 B.R. 752, 755 (D. Md. 2008); *see also Roberts v. Gestamp W. Va., LLC*, 45 F.4th 726, 732 (4th Cir. 2022). Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under

4

the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "A party who bears the burden of proof on a particular claim must factually support each element of his or her claim." *In re Schek*, 397 B.R. at 755 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

## ANALYSIS

The Bankruptcy Code's definition of "property of the estate" includes, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," wherever located and by whomever held. 11 U.S.C. § 541(a)(1). "In line with the broad definition of 'property of the estate,' money held in a bank account in the name of a debtor is presumed to be property of the bankruptcy estate." *In re LandAmerica Fin. Grp., Inc.*, 412 B.R. 800, 809 (Bankr. E.D. Va. 2009). In this case, the Account was consistently characterized as Star's property prior to the commencement of this adversary proceeding. (ECF No. 13-4 at 3–6.) Accordingly, the Account is presumed to be the property of Star's bankruptcy estate. Majmudar and HHI argue that the funds held in the Account are not part of Star's bankruptcy estate under three theories: (1) the funds were earmarked for PeoplesBank; (2) the funds were held in trust for PeoplesBank; and/or (3) the funds were "property held for another" pursuant to 11 U.S.C. § 541(b)(1).

    **I.**    **Earmarking**

5

Majmudar and HHI initially argue that the Account was earmarked for PeoplesBank.[3] "The earmarking defense in bankruptcy is a judicially created exception to the statutory power of the bankruptcy trustee under [11 U.S.C.] § 547 to avoid or set aside an otherwise preferential transfer of assets." *In re ESA Env't Specialists, Inc.*, 709 F.3d 388, 394 (4th Cir. 2013). It applies "[w]hen a third person makes a loan to a debtor specifically to enable that debtor to satisfy the claim of a designated creditor." *Id.* at 395 (alteration in original) (quoting 5 Collier on Bankruptcy ¶ 547.03 [2][a] (16th ed. 2011)). Under those circumstances, "the loan is not property of the debtor. There is no diminution to the estate, and transfer of those funds to a creditor is not preferential." *In re Freestate Mgmt. Servs., Inc.*, 153 B.R. 972, 982 (Bankr. D. Md. 1993) (quoting *In re Hood*, 118 B.R. 417, 419–20 (Bankr. D.S.C. 1990)). The doctrine has three requirements:

> (1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt,
>
> (2) performance of that agreement according to its terms, and
>
> (3) the transaction viewed as a whole (including the transfer in of the new funds and the transfer out to the old creditor) does not result in any diminution of the estate.

*In re Freestate Mgmt. Servs., Inc.*, 153 B.R. at 982 (quoting *In re Bohlen Enterprises, Ltd.*, 859 F.2d 561, 566 (8th Cir. 1988)).

The first element requires the existence of an agreement between HHI and Majmudar with Star that would allow the Funds to be used for the sole purpose of satisfying Star's

---

[3] The parties dispute whether earmarking can be used as an affirmative cause of action. Because Appellants fail to meet the elements of earmarking, it is unnecessary to decide whether earmarking is limited to defensive use.

6

antecedent debt to PeoplesBank. There is no evidence of any such agreement. Although the Account was created for the purpose of obtaining a letter of credit, there is no evidence of an agreement between HHI and Majmudar with Star limiting Star's use of the Funds. HHI and Majmudar point to the Assignment providing PeoplesBank with a security interest in Star's bank account, but that is an agreement between PeoplesBank and Star, not HHI and Majmudar and Star. (ECF No. 10-15 at 2.) Moreover, contrary to HHI and Majmudar's assertion that the Funds were limited to paying the Bank debt, Star used interest funds from the Account to pay legal fees. (ECF No. 13-14 at 9–10.) Quite simply, there is no evidence of an agreement between HHI and Majmudar and Star limiting the use of the Funds, and their earmarking defense fails for that reason.

The second element requires performance of the above-mentioned agreement according to its terms. As this agreement does not exist, it could not possibly be performed according to its terms. Moreover, the Funds remain in the Account, and Star's obligation to PeoplesBank remains unsatisfied. (ECF No. 13-4 at 6.) Accordingly, the old creditor (PeoplesBank) was not substituted by a new creditor (HHI and Majmudar). *See In re ESA*, 709 F.3d at 396 ("Without the satisfaction of an antecedent debt of the debtor by the new creditor, the concept of earmarking cannot apply: there is no debt by which one creditor is substituted for another."). Thus, even if HHI and Majmudar had satisfied the first element of earmarking, they fail to satisfy the second.

Lastly, the third element requires that the transaction does not diminish the debtor's bankruptcy estate. Because neither of the first two criteria have been satisfied, and because all

7

three are required for the earmarking doctrine to apply, HHI and Majmudar's earmarking argument fails. *See In re Bohlen Enterprises, Ltd.*, 859 F.2d at 566.

### II. Trust

Majmudar and HHI next argue that the Funds were held in trust for PeoplesBank. Courts look to state law to determine the existence of a trust. *In re LandAmerica Fin. Grp., Inc.*, 412 B.R. 800, 811 (Bankr. E.D. Va. 2009). In Maryland, "[e]xpress trusts are created by the direct and willful acts of the parties, by some writing, or deed, or words expressly evidencing the intention to create a trust." *Long Green Valley Ass'n v. Bellevale Farms, Inc.*, 68 A.3d 843, 856 (Md. 2013); *see also From the Heart Church Ministries, Inc. v. Afr. Methodist Episcopal Zion Church*, 803 A.2d 548, 566 (Md. 2002) ("Trusts arise by either clear and deliberate language or operation of law."). "The existence of a trust must be established by clear and convincing evidence." *In re FirstPay, Inc.*, 773 F.3d 583, 590 (4th Cir. 2014) (quoting *Kelley v. Kelley*, 13 A.2d 529, 533 (Md. 1940)).

There is simply no indication of a trust prior to the filing of this adversary proceeding. Star repeatedly disclaimed holding property for another. (ECF Nos. 13-4 at 2–4; 13-11 at 11; 13-12 at 6; 13-14 at 11.) Star represented that it was "the lawful owner of the [Account] free and clear of all loans, liens, encumbrances, and claims except as disclosed to [PeoplesBank] in writing." (ECF No. 10-15 at 2.) It was only after HHI and Majmudar filed this adversary proceeding that Star amended its Statement of Financial Affairs to claim that it held property for HHI and Majmudar. There is no language in the Assignment, nor any other document, establishing a trust, and HHI and Majmudar were not parties to the Assignment. (ECF No. 10-15.) The emails cited by HHI and Majmudar provide no support for their assertion of a

8

trust. (ECF No. 10-16 at 4, 6, 10–12.) The evidence clearly weighs against the establishment of a trust. Majmudar and HHI's second argument therefore fails.

### III.  Property Held for Another

Lastly, Majmudar and HHI argue that the Funds were held for the benefit of HHI under 11 U.S.C. § 541(b)(1). *See T & B Scottdale Contractors, Inc. v. United States*, 866 F.2d 1372, 1376 (11th Cir. 1989) ("The legislative history of 11 U.S.C.A. § 541 makes it clear that funds in the debtor's possession held for a third-party do not become part of the estate in bankruptcy[.]"). Most courts have analyzed that provision as it relates to trusts, which, as established above, are irrelevant here. *See, e.g., In re Cybermech, Inc.*, 13 F.3d 818, 820 (4th Cir. 1994). And Appellants cannot rely on *T & B* for a broader principle because that case simply does not fit these facts. As the Bankruptcy Court correctly noted, *T & B* turned on a written agreement that expressly conditioned the use of funds at issue. But, as noted above, there is no evidence of an agreement limiting Star's use of the Funds. Majmudar and HHI's § 541(b)(1) argument therefore also fails. In sum, none of Majmudar and HHI's arguments on appeal compel this Court to disturb the Bankruptcy Court's order.

## CONCLUSION

For the reasons stated above, the September 29, 2023, Order of United States Bankruptcy Judge Nancy V. Alquist is AFFIRMED.

A separate Order follows.

Dated:      July 1, 2024

/s/
Richard D. Bennett
United States Senior District Judge

9